UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEAGAN FENNEN,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>      Defendant. | No. CV-09-0097-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR<br>ADDITIONAL PROCEEDINGS<br>PURSUANT TO SENTENCE<br>FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents Meagan P. Fennen (Plaintiff); Special Assistant United States Attorney Thomas M. Elsberry represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff protectively filed for Supplemental Security Income (SSI) on January 24, 2005. (Tr. 83.) She alleges disability due to major depression, bipolar disorder, extreme anxiety, and back problems, with an onset date of 1995. (Tr. 97.) Following a denial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 1

of benefits at the initial stage and on reconsideration (Tr. 67, 71), a hearing was held on April 12, 2007, before ALJ Paul Gaughen. Plaintiff, who was represented by counsel, and Plaintiff's daughter testified. (Tr. 638-60.) A supplemental hearing was held on July 10, 2007, at which the following people testified: medical expert Ronald Klein, Ph.D., vocational expert Tom Moreland (VE), Plaintiff's sister and Plaintiff's daughter. (Tr. 588-637.) Plaintiff did not testify at the supplemental hearing. On October 22, 2007, ALJ Gaughen denied benefits; review was denied by the Appeals Council. (Tr. 17-35, 6-9.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) - 3

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 46 years old at the time of the administrative hearing. (Tr. 643.) She completed 10th grade and completed her high-school equivalency degree. She was divorced with three adult children. (*Id.*) Her daughter, who was living with her at the time of the hearing, testified she helps Plaintiff with personal care and household chores. (Tr. 657-59.) Plaintiff had work experience as a call center operator, baker, convenience store cashier, newspaper carrier, and in home care giver. (Tr. 98, 619-20.) She testified she could not work due to mental health problems and back pain.

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 19.) At step two, he found Plaintiff has the severe impairments of "drug and alcohol abuse in claimed remission and lumbar degenerative disc disease." (*Id.*) After a thorough discussion of the medical evidence and Plaintiff's testimony, he found Plaintiff was not credible and she had the following non-severe medically determinable mental

impairments: "major depressive disorder; general anxiety disorder; and pain disorder with both psychological factors and general medical condition." (Tr. 20-27.) He found she retained the residual functional capacity (RFC) to perform light work with these limits: "she is limited to only occasionally stooping, bending, crawling, and kneeling. She should avoid working in or around unprotected heights or dangerous work setting[s] and she is unable to drive as part of a job." (Tr. 27.) At step four, the ALJ found Plaintiff could not perform past work. (Tr. 33.) Proceeding to step five, the ALJ considered VE testimony and found there were other jobs in the national economy that Plaintiff could perform; therefore, she was not disabled as defined by the Social Security Act. (Tr. 34.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he found (1) she had no severe mental impairments; (2) improperly rejected treating and examining physician opinions; and (3) improperly relied on medical expert testimony. (Ct. Rec. 14.) There is also an issue involving the consideration of evidence submitted to the Appeals Council. (*Id*. at 17-19.)

**DISCUSSION**

Plaintiff contends the medical evidence submitted regarding her mental impairments is sufficient to satisfy the "*de minimis*" threshold at step two. (Ct. Rec. 14 at 13.) Under the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 5

Commissioner's regulations, to satisfy step two's requirement of a severe impairment, a claimant must prove the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. Nonetheless, the court has ruled that an overly stringent application of the severity requirement at step two violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be "non-severe" only when evidence establishes a "slight abnormality" that has "no more than a *minimal effect* on an individual's ability to work." *Id.* (*citing Social Security Ruling (SSR)* 85-28). The Commissioner's policy ruling advises the adjudicator that "[g]reat care should be exercised in applying the not severe impairment concept." *SSR* 85-28. The Ninth Circuit has held an adjudicator "may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 683. If such a finding is not clearly established by the medical evidence, the ALJ must continue with the sequential evaluation process. *SSR* 85-28.

**A.   Mental Impairments**

A mental impairment generally is considered not severe if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or

pace is rated as "none" or "mild" and there have been no episodes of decompensation.  20 C.F.R. § 416.920a(d)(1).  In determining whether a claimant has a severe mental impairment at step two, the ALJ must first evaluate the medical evidence submitted and explain the weight given to the opinions of accepted medical sources in the record. The regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records.  20 C.F.R. § 416.927.

A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion.  *Benecke v. Barnhart,* 379 F.3d 587, 592  (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830.  If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  *Andrews,* 53 F.3d at 1043. Nonetheless, a treating physician's opinion that a claimant is unable to work or disabled does not carry special significance because the ultimate determination of disability is the sole responsibility of the Commissioner.  20 C.F.R. § 416.927(e)(1).

Courts have upheld an ALJ's decision to reject the opinion of a treating or examining physician based in part on the testimony of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 7

a non-examining medical advisor. *Lester*, 81 F.3d at 831. However, testimony of a non-examining (reviewing) medical expert by itself cannot be considered substantial evidence that supports the rejection of a treating or examining physician. *Lester*, 81 F.3d at 831. Medical expert opinions may serve as substantial evidence only when supported by and consistent with other evidence in the record. *Id.*

Here, Plaintiff submitted mental health treatment records from her treating psychiatrist, Mark Chalem, M.D., dated from January 2000 to September 13, 2005. (Tr. 206-59, 469-73.) Dr. Chalem was Plaintiff's psychiatrist in March 2000, when she was voluntarily hospitalized for suicide ideation. At that time she was diagnosed with recurrent major depression, generalized anxiety disorder, panic disorder and cocaine abuse history. She was treated with medication for depression, anxiety and asthma. (Tr. 190-93. ) In June 2005, Dr. Chalem diagnosed bipolar disorder with chronic severe depression (largely situational), panic disorder of moderate severity; generalized anxiety disorder; probable amnestic disorder with mild cognitive deficits (undetermined origin); remote cocaine dependency; and mild paranoid personality traits. (Tr. 470.) His diagnoses were based on his on-going treatment relationship with Plaintiff. (*Id.*)

The record shows that over the years, Plaintiff's subjective complaints have been consistent with the diagnosis of depression and anxiety disorder. The record shows her treatment consisted of medication for depression and anxiety, as well as pain. (Tr. 519, 533.) She also attended counseling for depression and anxiety with

Dr. Challem until September 2005. (*See* Tr. 206-59.) Beginning in March 2005, she participated in counseling at Spokane Mental Health. (Tr. 305-35, 350, 355-440.)

The record also includes psychiatric/psychological evaluations from the following examining psychologists: James Bailey, Ph.D., in April 2005 (Tr. 260-68); Susan Berg, A.R.N.P, Ed.D., in December 2005 (Tr. 344-50); James Fraser, M.D. in January and June 2006 (Tr. 351-54, 405); Frank Rosekrans and associates in June 2005 and 2006 (Tr. 441-56, 458-68); and John Arnold, Ph.D. (Tr. 520-32). With the exception of Dr. Bailey,[1] the examining doctors diagnosed psychological disorders, including recurrent major depressive disorder, generalized anxiety disorder, panic disorder, personality disorder, and pain disorder, and explained their findings in narrative reports. Drs. Rosekrans and Arnold's diagnoses are supported with clinical diagnostic testing results, in addition to mental status exams. (Tr. 445-56, 464-67, 520-80.)

Although objective testing consistently indicated significant symptom exaggeration and over-reporting, and malingering, Drs. Rosekrans and Arnold assessed moderate, marked and severe limitations in Plaintiff's work-related mental functioning. (Tr.

---

[1] Based on a mental status exam and results of objective testing in April 2005, Dr. Bailey's sole diagnosis was "malingering." (Tr. 263.) He indicated he was unable to assess limitations due to poor effort and a presentation that "was not really credible." (Tr. 263, 267.) Therefore, his evaluation is not substantial evidence to support findings of functional limitations.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 9

460, 529-31.) Drs. Bailey, Frazier and Rosekrans expressed concerns regarding Plaintiff's medication regime. (Tr. 354, 405, 468).

At the hearing, Dr. Klein reviewed the medical record and opined there was evidence of major depressive disorder and generalized anxiety disorder. (Tr. 605-06.) He also testified that "a person could have psychological problems and also be malingering," and agreed Plaintiff has psychological problems under Listing categories 12.04 (affective disorders), 12.06 (anxiety-related disorders) and 12.07 (somatoform disorders). (Tr. 599, 613.) He concluded, however, that her mental health problems were non-severe, *i.e.*, they caused no impairment of activities of daily living, no more than mild limitations in Plaintiff's social functioning, mild limitation in her concentration, persistence and pace, and no episodes of decompensation. (Tr. 606.) He based his opinions on his own observation of Plaintiff during the hearing, on the evidence of malingering in the record, and the findings of non-examining agency psychologist, Jerry Gardner, Ph.D., who based his conclusions on Dr. Bailey's limited evaluation. (Tr. 606-607; *see e.g.,* 269, 281.)

In his step two findings, the ALJ relied on Dr. Klein's testimony and found Plaintiff's "medically determinable mental impairments of major depressive disorder, generalized anxiety disorder; and pain disorder . . . do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is [sic] therefore nonsevere." (Tr. 27.) The ALJ did not base his step two findings on objective diagnostic evidence and narrative interpretations from the examining psychologists;

rather he appears to have relied on Dr. Klein's testimony which is supported only by Dr. Bailey's testing for malingering, and the findings of a non-examining agency psychologist, who also relied on Dr. Bailey's limited examination. Dr. Klein's opinions are not substantial evidence to ignore completely the findings of Dr. Challem, who had treated Plaintiff for more than seven years, and the examining psychologists whose opinions are supported by clinical techniques and psychological testing, and are fully explained in narrative reports.

At step two, although credibility is a consideration in the evaluation of medical evidence, affirmative evidence of malingering and exaggeration do not negate completely the fact that Plaintiff's complaints are consistent with her medically determinable mental impairments which are supported by objective tests and clinical observations from treating and examining medical providers. *Webb*, 433 F.3d at 688. In keeping with the narrowly construed severity requirement at step two, *see, e.g., Yuckert*, 841 F.2d at 306, the Plaintiff met her burden of providing objective medical evidence consisting of signs, symptoms, and laboratory findings of mental disorders, as well as medical records documenting the ongoing treatment with medication. Therefore, the medically determinable mental impairments identified by the ALJ at step two meet the threshold requirements for "severe impairments" under the Commissioner's regulations and Ninth Circuit case law. *Webb*, 433 F.3d at 687-88; *SSR* 85-28.

**B.   Harmless Error**

An error may be considered harmless where the error is non-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 11

prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if the error were corrected. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Erroneously finding a severe mental impairment is "non-severe" at step two may be harmless error if, throughout the sequential evaluation process, the adjudicator properly considers the effects of all established mental impairments, in combination with symptoms of other impairments. *Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007).

Here, the ALJ's exclusion of all psychological limitations, alone and in combination, (and limitations due to the effects of medication)[2] in his step four and step five findings may have prejudiced the Plaintiff. *See SSR* 96-8p (in RFC assessment, consideration of non-severe impairments with other impairments may

---

[2] Medical records show that several providers observed Plaintiff appeared over-sedated and opined her medication regime should be modified. Dr. Klein noted her use of "narcotics of any form" is "ill advised." (Tr. 606.) Other than a limitation that Plaintiff should not have a job that requires driving, (Tr. 622), the ALJ did not discuss the effects of medication in assessing Plaintiff's RFC and did not include them in his hypothetical to the VE. The effects of medication should be included in a claimant's RFC, and if step five is reached, in the adjudicator's hypothetical to the vocational expert. SSR 96-8p.

be "critical to the outcome of a claim"). For example, the consideration, in combination, of even mild or moderate limitations in social and/or cognitive functioning, in combination with Plaintiff's physical limitations and credible pain, may erode significantly the sedentary occupational base of "cashier" identified by the VE as a class of jobs Plaintiff could perform. (Tr. 34.) Therefore, the step two error in this case is not harmless.

**C.  Remedy**

Even where substantial evidence exists, a decision will be set aside if the proper legal standards were not applied. *Brawner*, 839 F.2d at 433. In this matter, remand is appropriate to remedy legal error. However, because a step two determination that an impairment is severe "only raises a *prima facie* case of a disability," and there is undisputed evidence of malingering, Plaintiff might not succeed in proving she is disabled after a new sequential evaluation and consideration of credibility issues. The full five-step sequential evaluation, including vocational expert testimony regarding the effects of established mental disorders, credible symptoms, and medication on Plaintiff's occupational base, is necessary to ascertain whether there are a substantial number of jobs Plaintiff can perform. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett*, 180 F.3d at 1100).

Conversely, a reasonable ALJ may find Plaintiff disabled upon consideration throughout the sequential evaluation process of all limitations caused by her medically determinable impairments in combination. Because Plaintiff is prejudiced by the step two error,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 13

and there are issues that need to be resolved, remand for further proceedings is appropriate. *Id.* at 1057. On remand, material new evidence may be considered. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to 42 § U.S.C. 405(g) and the decision above.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **DENIED**.

3. Application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **Plaintiff**.

DATED February 18, 2010.

                          S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 14